IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL DARREN COLLINS,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　　)　　CIVIL ACTION NO. 2:18-CV-822-ALB
　　　　　　　　　　　　　　　　　　　　)
MIKE HENLINE, et al.,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　　　)

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**[1]

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint

filed by Michael Darren Collins, an inmate confined in the Elmore County Jail at the time

relevant to the amended complaint.  In this case, Collins challenges the constitutionality of

medical treatment provided to him and other conditions of confinement at the jail from July

of 2018 until the filing of the amended complaint in October of 2018.  Doc. 5 at 2–3.

The defendants filed special reports and supporting evidentiary materials addressing

the claims presented by Collins.  In these filings, the defendants deny they acted in violation

of Collins' constitutional rights and further argue that this case is due to be dismissed

because prior to filing this case Collins failed to properly exhaust an administrative remedy

available to him at the Elmore County Jail addressing the claims presented in the amended

---

[1]All cited documents and attendant page numbers referenced herein are those assigned by this court in the docketing process.

complaint.  Doc. 26 at 11; Doc. 27 at 6–8.  The defendants base their exhaustion defenses on Collins' failure to file a grievance regarding any of the claims presented in this case.

Upon receipt of the defendants' special reports, the court issued an order providing Collins an opportunity to file a response to this report.  Doc. 28.  This order directed Collins to address "the defendants' arguments that:  1. His claims are due to be dismissed because he failed to exhaust his available administrative remedies [prior to filing this case] as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act . . .; and 2. He is entitled to no relief on the claims presented herein as he failed to establish that the challenged actions violated his constitutional rights."  Doc. 28 at 1–2.  The order also advised Collins that his response should be supported by affidavits or statements made under penalty of perjury and/or other appropriate evidentiary materials.  Doc. 28 at 3.  The order further cautioned Collins that unless "sufficient legal cause" is shown within fifteen days of entry of this order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response] and without further notice to the parties (1) treat the special reports and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is proper, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law."  Doc. 28 at 4 (footnote omitted).  Collins' response was due on January 22, 2019.  Doc. 28 at 2.  As of the present date, Collins has filed no response to this order.

Pursuant to the aforementioned order, the court deems it appropriate to treat the reports filed by the defendants as motions to dismiss with respect to the exhaustion defense.

Thus, this case is now pending on the defendants' motions to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed the defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e with respect to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159

F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original). The Eleventh Circuit further determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept*., 476 F. App'x 364, 366 (11th Cir. 2012). This court must therefore "resolve this issue first." *Id*.

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. "If in that light, the defendant[s] [are] entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make "specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. (citing *Bryant*, 530 F.3d at 1373–74, 1376).

*Myles*, 476 F. App'x at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turne*r, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535. Based on the foregoing,

4

the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury [or judge as a trier of fact]." *Id*.

Upon review of the amended complaint, the defendants' special reports and the evidentiary materials filed in support thereof, the court concludes that the defendants' motions to dismiss are due to be granted.

## III.  DISCUSSION

Collins challenges conditions to which he was subjected during a prior term of incarceration at the Elmore County Jail.  In their responses, the defendants adamantly deny they acted in violation of Collins' constitutional rights and also assert that this case is subject to dismissal because Collins failed to properly exhaust the administrative remedy provided at the Elmore County Jail prior to filing the instant amended complaint in compliance with the directives of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint.  Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement

applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, --- U.S. ---, ---, 136 S.Ct. 1850, 1857 (2016). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id.* at 1855. Generally, a remedy is "available" when it has "'sufficient power or force to achieve an end,' [or is] 'capable of use for the accomplishment of a purpose[.]'" *Booth*, 532 U.S. at 737. Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on

the courts of its proceedings. . . .  Construing § 1997e(a) to require proper exhaustion . . .

fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an

inmate to bring suit in federal court once administrative remedies are no longer available]

would turn that provision into a largely useless appendage."  548 U.S. at 90–91, 93.  The

Supreme Court reasoned that because proper exhaustion of administrative remedies is

necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion

requirement . . . by filing an untimely or otherwise procedurally defective administrative

grievance or appeal[,]" or by effectively bypassing the administrative process simply by

waiting until the grievance procedure is no longer available to him.  548 U.S. at 83–84;

*Bryant*, 530 F3d at 1378 (holding that to exhaust administrative remedies in accordance

with the PLRA, prisoners must "properly take each step within the administrative

process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that an

inmate who files an untimely grievance or simply spurns the administrative process until

it is no longer available fails to satisfy the exhaustion requirement of the PLRA);

*Higginbottom*, 223 F.3d at 1261 (holding that an inmate's belief that administrative

procedures are futile or needless does not excuse the exhaustion requirement).  "The only

facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion

requirement are those that existed when he filed his original complaint."  *Smith v. Terry*,

491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the Elmore County Jail provides an administrative remedy for

inmate complaints in the form of an inmate grievance process.  Doc. 27-9 at 36–39.  In

addition, the undisputed evidentiary materials filed by the defendants demonstrate that

Collins had access to the grievance procedure at all times while confined in the Elmore

County Jail — i.e., the procedure was available to him throughout his incarceration in the

jail.  The grievance procedure allows an inmate to submit grievances to jail personnel with

respect to matters occurring during their incarceration at the jail.  Doc. 27-9 at 36 ("[A]ll

inmates have the individual ability to bring complaints, concerns, and other issues to the

attention of the jail staff.").  The relevant portion of the grievance procedure provides as

follows:

> [With the exception of a grievance of an emergency nature, i.e., a grievance warranting immediate attention to prevent a breach of institutional security or serious harm to inmates or staff], grievances are to be made in writing. An inmate with a grievance may request a grievance form . . . from any member of the jail staff.  The staff member shall provide [a] copy of the grievance form to the inmate and take it back from the inmate after a reasonable amount of time has elapsed for the inmate to complete the form. Grievances may be filed on a request form.  All grievances must be filed within fourteen days[] of the incident complained of.
>
> Where a grievance is of an emergency nature, it may be made orally to any staff member.  A grievance is an "emergency" when the subject of the grievance, if left un-addressed, has a strong likelihood of resulting in a breach of security, serious physical harm to any person; and/or serious harm to the health of any person. The determination of whether an inmate's complaint is an emergency is left to the discretion of the staff member responding to the grievance.  As with a written grievance, the staff member receiving an[] emergency oral grievance will attempt to address the problem at his or her level. If the staff member cannot address the oral grievance, he or she shall elevate the grievance to the next person in the chain of command until it reaches a staff member with the appropriate authority to address the grievance. Once the grievance is addressed, the staff member making the final decision shall document in the inmate's [jail] file the following information: (a) date and time the grievance was made; (b) description of the grievance; (c) action taken if any by the staff member; (d) date and time the

inmate was informed of the action taken, if any.   The staff member addressing the grievance will sign this document.

\* \* \*

If an inmate is unsatisfied with the response to his written or oral grievance, he or she may appeal the decision as follows:

a. **Grievance responded to by any member of the jail staff other than the jail administrator**.  The inmate must, within 24 hours, submit a written appeal to the jail administrator on a separate grievance form.  The appeal must state the nature of the grievance, the action taken, if any, by the jail staff, and the action the inmate wishes the jail administrator to take.  Upon receipt of an appeal, the jail administrator shall determine whether the appeal has merit and take the action, if any, which is appropriate.  Regardless of the decision, the jail administrator shall inform the inmate of the decision.  The jail administrator shall document in the inmate's jail file the appeal decision along with the date and time the inmate was notified.  The jail administrator will sign this document.  If the inmate is dissatisfied with the outcome of the appeal, he or she may, within 24 hours, appeal the decision in writing to the Chief Deputy as set forth [herein].

b. **Grievance responded to by the jail administrator or appeal of an appeal to the jail administrator**.  The inmate must, within 24 hours of the jail administrator's decision, submit a written appeal to the Chief Deputy on a separate grievance form.  The appeal must state the nature of the grievance, the action taken, if any, by the jail staff and/or jail administrator, and the action the inmate wishes the Chief Deputy to take.  Upon receipt of an appeal, the Chief Deputy shall determine whether the appeal has merit and take the action, if any, which is appropriate.  Regardless of the decision, the Chief Deputy shall inform the inmate of the decision either personally, in writing, or through a member of the jail staff delegated to inform the inmate of the Chief Deputy's decision.  A document shall be placed in the inmate's jail file reflecting the appeal decision and the date and time the inmate was notified.  The Chief Deputy will sign this document.  If the inmate is dissatisfied with the outcome of the appeal, he or she may, within 24 hours, appeal the decision in writing to the Sheriff as set forth in the next paragraph.

9

c. **Appeal to the Sheriff**. The final appeal of a grievance is [to] the Sheriff. The inmate must within 24 hours of a decision by the Chief Deputy, submit a written appeal to the Sheriff on a separate grievance form. The appeal must state the nature of the grievance, the action taken, if any, by the jail staff, Jail Administrator, and/or Chief Deputy and the action the inmate wishes the Sheriff to take. Upon receipt of an appeal, the Sheriff shall determine whether the appeal has merit and take the action, if any, which is appropriate. Regardless of the decision, the Sheriff shall inform the inmate of the decision either personally, in writing, or through a member of the jail staff delegated to inform the inmate of the Sheriff's decision. A document shall be placed in the inmate's jail file reflecting the appeal decision and the date and time the inmate was notified. The Sheriff or his designated representative will sign this document.

d. Delegation of Appeal Authority. The Sheriff, at his discretion, may designate any member of the Sheriff's Department that has not already made a decision regarding the inmate's grievance to act in lieu of the persons [previously] designated in [this section].

Doc. No. 27-9 at 36–39.

The record before the court demonstrates that Collins had an administrative remedy available to him while confined in the Elmore County Jail. The undisputed evidentiary materials filed by the defendants further establish that Collins failed to properly exhaust this remedy prior to filing this federal civil action. Specifically, despite the availability of a grievance procedure and his access thereto, Collins did not file a grievance in accordance with the jail's grievance procedure addressing the claims presented in the instant amended complaint. Collins does not dispute his failure to exhaust the grievance process available to him at the jail. It is likewise clear that the administrative remedy is no longer available to Collins as he failed to file a grievance regarding the claim presented in this case within

the time required by the grievance process.  Doc. 27-9 at 36 (inmate must submit his

grievance within 14 days of the incident at issue).   Moreover, Collins is no longer

incarcerated in the Elmore County Jail.  Dismissal with prejudice is therefore appropriate.

*Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710

(5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade

the exhaustion requirement by filing no administrative grievance or by intentionally filing

an untimely one, thereby foreclosing administrative remedies and gaining access to a

federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85,

88 (2nd Cir. 2004) (footnotes omitted) (holding that inmate's "federal lawsuits [were]

properly dismissed with prejudice" where previously available administrative remedies

had become unavailable).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motions to dismiss be GRANTED to the extent the defendants

seek dismissal of this case due to the plaintiff's failure to properly exhaust an

administrative remedy available to him during his previous confinement at the Elmore

County Jail prior to initiating this cause of action.

2.  This case be dismissed with prejudice in accordance with the provisions of 42

U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy

on his claims for relief within the time required by the grievance procedure available to

him at the Elmore County Jail.

3.  No costs be taxed herein.

The parties may file objections to the Recommendation on or before **July 16, 2019**. The objecting party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  The parties are advised that frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of July, 2019.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE